6

United States District Court
Southern District of Texas
FILED

DEC 05 2000

Michael N. Milby
Clerk of Court

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| *versus* | § | Civil Action B-00-033 |
| | § | |
| Linda D. Forse | § | |

MOTION FOR SUMMARY JUDGMENT

United States of America ("United States") moves for summary judgment pursuant to Rule 56, FED.R.CIV.P.

1. This Motion is supported by the Complaint, with the attached Certificate of Indebtedness, and the attached affidavit of J. Michael Weston.

2. The following facts are undisputed:

a. Subject matter jurisdiction arises under 28 U.S.C. § 1345.

b. The United States, as guarantor, seeks repayment of federally insured student loan upon which Forse defaulted.

c. Forse executed promissory notes for student loans on August 5, 1983 (Note 1), on August 6, 1982 (Note 2), and January 4, 1984 and March 4, 1984 (Note 3). Note 1 is payable to First Colorado Bank & Trust Co., c/o CGSLP Process Center Denver, Colorado, Note 2 is payable to Central Counties Bank, State College Pennsylvania, and Note 3 is payable to University of Denver (Colorado Seminary), Denver, Colorado. True and correct copies of the promissory notes are attached to this Motion as Exhibit A.

d. As shown by the Certificates of Indebtedness issued by the United States Department of Education attached to the Complaint, Forse currently owes the United States the following sums:

Note 1

| | | |
|---|---|---|
| (1) | Principal: | $5,322.92 |
| (2) | Current interest | $7,163.95 |

ClibPDF - www.fastio.com

(3) Adminstrative, fees, costs, penalties $0.00

(4) Balance due as of September 7, 1999: $12,486.87

(5) Prejudgment interest accrues at 9.00% per annum, being $1.31 per day.

(6) The current balance in 3A is after credits of $0.00

Note 2

(1) Principal: $5,255.84

(2) Current interest $5,863.03

(3) Adminstrative, fees, costs, penalties $3.25

(4) Balance due as of September 7, 1999: $11,122.12

(5) Prejudgment interest accrues at 9.00% per annum, being $1.30 per day.

(6) The current balance in 3A is after credits of $832.86

Note 3

(1) Principal: $1,905.00

(2) Current interest $910.54

(3) Adminstrative, fees, costs, penalties $0.00

(4) Balance due as of September 7, 1999: $2,815.54

(5) Prejudgment interest accrues at 9.00% per annum, being $0.26 per day.

(6) The current balance in 3A is after credits of $378.68

e. The United States also seeks to recover attorney's fees of $1,500.00.

f. The United States has demanded that Forse, pay the loans, but Forse failed to do so. The United States has retained the undersigned to represent it in this matter and agreed to pay for such services.

ClibPDF - www.fastio.com

WHEREFORE, the United States requests that the United States be granted judgment against Linda D. Forse as set forth above, plus costs of court.

Respectfully submitted

BENNETT & WESTON, P.C.

By: ______________________________
J. Michael Weston
Texas Bar No. 21232100
SD Tex. No. 21538
Attorney in Charge
Charles I. Appler
Texas Bar No. 00788995
SD Tex. No. 23055
1750 Valley View Lane, Suite 120
Dallas, Texas 75234
Telephone: (214) 691-1776
FAX: (214) 373-6810
Attorneys for the United States of America

CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct of the foregoing was served upon all counsel of record on this 30th day of Nov., 2000.

______________________________

ClibPDF - www.fastio.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| *versus* | § | Civil Action B-00-033 |
| | § | |
| Linda D. Forse | § | |

MEMORANDUM IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT

United States of America has moved for summary judgment. This Memorandum supports the Motion.

FACTS

The facts are stated in the Motion and are undisputed.

ARGUMENT

This is a suit to collect the remaining balance due under student loans made to Linda D. Forse. The loans were made to Linda D. Forse by financial institutions, under a federal program to assist post-secondary students. (See the Motion for Summary Judgment for the promissory notes, and the Complaint for the Certificates of Indebtedness, which sets for the history of the United States' involvement with the obligation.)

A. Student Loans

The law applicable to this type of case is very simple. *See* United States v. Durbin, 64 F.Supp.2d 635 (S.D. Tex. 1999) Financial institutions make these student loans because they are fully insured by the United States. *See* Higher Education Act of 1965, as amended, 20 U.S.C. §1071 *et seq*. Upon default by a student, the financial institution presents the current balance of the defendant's obligations to the guaranteeing federal agency. When the agency honors the guarantee, the defendant owes the obligation directly to the United States.

The United States filed suit on Linda D. Forse's student loans. The undisputed evidence shows that Linda D. Forse defaulted on the payment of the notes; that the United States owns the

ClibPDF - www.fastio.com

notes, and that the unpaid balance of the notes. The United States is entitled to recover attorney's fees, as well as reasonable adminstrative and collection costs.

To avoid the obligation, absent proof of the specific statutory defences permitted by the Higher Education Act, Linda D. Forse must prove either that Linda D. Forse is not the correct party or that the obligation has been paid in whole or in part. The defences of limitations (Higher Education Technical Amendments of 1991, 20 U.S.C. §1091a(a)), laches (20 U.S.C. §1091a(a)) and failure of consideration (the defendant received the money in question) do not apply to this claim.

The defendant has the burden to prove that that the note was forged or that it was paid. *See* TEX. BUS. & COM. CODE, Chapter 3. Defendant cannot prove either fact.

B. Attorney's Fees

The United States has sued to recover reasonable attorney's fees.

Attorney's fees are allowable under Texas law in this case as a suit on a written contract. TEX. CIV. PRAC. REM. CODE, §38.001(8). In many cases, the promissory note signed by defendant also calls for an award of attorney's fees.

Standards for the amount of attorney's fees that should be awarded by the Court are found in the following authorities: Rule 1.04, Texas Disciplinary Rules of Professional Conduct; *Arthur Andersen & Co. v. Perry Equipment Corp.*, 945 S.W.2d 812, 818 (Tex. 1997) and *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974). Under these standards, the amount of attorney's fees sought by the United States is reasonable.

CONCLUSION

The United States is entitled to judgment against Linda D. Forse as a matter of law. The United States respectfully requests that its Motion for Summary Judgment be granted.

ClibPDF - www.fastio.com

Respectfully submitted

BENNETT & WESTON, P.C.

By: ______________________

J. Michael Weston
Texas Bar No. 21232100
SD Tex. No. 21538
Attorney in Charge
Charles I. Appler
Texas Bar No. 00788995
SD Tex. No. 23055
1750 Valley View Lane, Suite 120
Dallas, Texas 75234
Telephone: (214) 691-1776
FAX: (214) 373-6810
Attorneys for the United States of America

CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct of the foregoing was served upon all counsel of record on this 30th day of November, 2000.

______________________

ClibPDF - www.fastio.com